UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND FOY, | ) | Case No. 5:08CV2927 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge McHargh) |
| BENNIE KELLY, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Raymond Foy ("Foy") filed a petition for a writ of habeas corpus arising out of his 2006 convictions for aggravated robbery, with a firearm specification, and having a weapon while under a disability, in the Stark County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Foy raises two grounds for relief, verbatim:

> 1. Count one indictment labeled aggravated robbert [sic] does not contains the elements to charged an offense durning [sic] trial the prosecutor broaden the bases for conviction not contained in the indict the broaden indictment does not protec [sic] double jeopardy.
>
> 2. [BLANK]

   3. Petitioner Foy seeks to vacate his conviction on basis of an intervening change of law.

(Doc. 1, at §12.)  In his brief in support, Foy argues a "Ground 2" which appears to be essentially, as respondent asserts, an argument that the Ohio courts did not properly rule on his first ground.  See doc. 10, at 6; doc. 1, brief in support, at 21-28.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On May 2, 2006, Geoffrey Ziegler was working as the assistant manager at the American Rescue Workers store in Canton.  Appellant had come to the store earlier on the day in question.  When appellant returned later in the day, Mr. Ziegler and Charles Ramsden were closing the store.  The two men had counted the store's money and locked the store's door.  As they left, with Ramsden carrying about a thousand dollars, appellant asked to go back into the store because he could not find his keys.  The men opened the store back up and all three men went back inside the store.

Once inside the store, appellant pulled a handgun and demanded money.  To emphasize his point, appellant pulled the slide of the handgun back, cocking it, and pointed it at Mr. Ziegler.  Mr. Ziegler tried to talk appellant out of it, but being unsuccessful, told Mr. Ramsden to give appellant the cash.  Mr. Ramsden then gave the $1,000 to appellant, who then left the store.

On May 15, 2006, John Greco, president of Genesis Plastics Company, was approached by appellant about getting his old job back.  During their conversation, appellant produced a handgun and told Mr. Greco that he needed money.  Mr. Greco told appellant to sit down and put the gun away, which appellant did.  Mr. Greco then gave appellant money.  Mr. Greko [sic] testified that he would have given the appellant money even if he had not produced a gun.

On May 19, 2006, Canton Police Officer Lester Marino was on patrol when he received a radio call about someone matching appellant's description.  A warrant for appellant's arrest was outstanding.  Officer

>Marino found appellant walking along the 200 block of Fulton Road in Canton.  When Officer Marino exited his marked cruiser, he ordered appellant to stop, turn around very slowly, and place his hands on the cruiser.  Appellant complied, saying, "You got me." As Officer Marino began to place a pair of handcuffs on appellant, appellant told the officer that he had a gun.  Officer Marino asked appellant where it was, and appellant informed the officer that the weapon was in the front waistband of his pants.  The officer retrieved a 9 mm Glock semiautomatic handgun.  Officer Marino unloaded the gun by removing the magazine clip, secured the weapon, and transported appellant to police headquarters.  A subsequent test of this weapon by the Crime Lab revealed that the gun was an operable firearm.
>
>Before trial, appellant opted to represent himself, despite the warnings of the trial court.  The court had appointed private counsel to represent him, and had private counsel continue representation as a "shadow counsel." In other words, counsel was to attend all proceedings and be available for appellant to consult at all times.
>
>The jury found appellant guilty as charged in the indictment.  The trial court, upon accepting the jury's verdict, sentenced appellant on the record to an aggregate prison term of fourteen years.  The court sentenced him to eight years in prison for the aggravated robbery charge, and to the mandatory consecutive three-year term for the firearm specification; the court also imposed a consecutive three-year term for the having weapons under disability conviction, and a concurrent fourteen-month term for the carrying concealed weapons charge.  The initial sentencing judgment entry imposed the same prison terms, but had erroneously provided that all of the sentences, including the one for the mandatory three-year term for the firearm specification, were to be imposed concurrently, for an aggregate prison term of eight years.  This sentencing entry was corrected by a subsequent nunc pro tunc sentencing entry that memorialized the imposed fourteen-year aggregate prison term.

(Doc. 10, RX 19, at 2-4; State v. Foy, No. 2006-CA-00269, 2007 WL 4303503, at *1-*2 (Ohio Ct. App. Dec. 10, 2007).)

Foy filed a motion to correct sentence on Aug. 22, 2006.  (Doc. 10, RX 8.)  The trial court denied the motion.  (Doc. 10, RX 9.)

3

Foy did not file a timely direct appeal. On Sept. 13, 2006, Foy filed a motion for leave to appeal, which was granted. (Doc. 10, RX 10-11.) Counsel for Foy filed a brief containing three assignments of error:

> 1. Appellant was deprived of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution.
>
> 2. Appellant's conviction was against the manifest weight and sufficiency of the evidence.
>
> 3. The trial court erred in sentencing appellant to a prison term of fourteen years.

(Doc. 10, RX 12.) On Apr. 7, 2007, Foy moved to remove court-appointed counsel and to proceed pro se. (Doc. 10, RX 13.) The court granted the motion, but denied his motion to withdraw counsel's brief. (Doc. 10, RX 14, 16.)

Foy set forth three additional assignments of error in his pro se brief:

> 1. Count One of the indictment does not charge an offense. The trial court lacked subject-matter jurisdiction. Appellant's conviction is void.
>
> 2. The State did not prove Appellant had been convicted of 1st or 2nd degree felony or released from imprisonment or post release control for such felony within five years of instant charge for 3rd degree felony weapon while under disability.
>
> 3. Count Three of the indictment is a misdemeanor of the 1st degree; State charged appellant with a felony of the 4th degree.

(Doc. 10, RX 17.) After considering the arguments of both briefs, the court of appeals affirmed the conviction. (Doc. 10, RX 19; State v. Foy, No. 2006-CA-00269, 2007 WL 4303503 (Ohio Ct. App. Dec. 10, 2007).)

Foy filed a timely appeal to the Supreme Court of Ohio, asserting a single proposition of law:

> The indictment in appellant Foy's case does not contain the elements of the offense intended to be charged. Nor sufficiently apprises appellant of what he must be prepare to meet at trial. Nor protects appellant from double jeopardy. In violation of U.S.C.A. Const. Amends. 5th and 14th.

(Doc. 10, RX 21.) On May 7, 2008, the Supreme Court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question. (Doc. 10, RX 22; State v. Foy, 117 Ohio St.3d 1498, 885 N.E.2d 955 (2008).)

While his direct appeal was pending, Foy filed a motion to vacate his sentence, under Civil Rule 60(b)(6), with the state court of appeals, which denied the motion on jurisdictional grounds. (Doc. 10, RX 23-24.)

Foy filed his petition for a writ of habeas corpus in this court on Dec. 16, 2008. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as

> determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Foy has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993)

6

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the arguments put forward by Foy allege violations of the Ohio Constitution. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III. SUFFICIENCY OF THE INDICTMENT

In his first ground for relief, Foy contends that Count One of the indictment, Aggravated Robbery, does not properly contain the elements to be charged, and that the prosecutor broadened the indictment at trial. (Doc. 1, § 12.) (Similarly, the "second ground" appears to be that the Ohio courts did not properly rule on his first ground. See doc. 1, brief in support, at 21-28.)

Count One of the indictment charged Foy with Aggravated Robbery, in violation of Ohio Rev. Code § 2911.01(A)(1). (Doc. 10, RX 1.) Specifically, the indictment read that Foy, on May 2, 2006,

> . . . in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, having a deadly weapon on or about his person or under his control, to-wit: a Handgun, and did either display the weapon, brandish it, indicate that he possessed it, or used said

>weapon, in violation of Section 2911.01(A)(1) of the Revised Code, contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio.

The indictment also contained a firearm specification to Count One. (Doc. 10, RX 1, indictment.) The indictment parallels the statutory language, which reads:

>(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

>(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it . . .

Ohio Rev. Code § 2911.01(A)(1).

Foy's argument that the prosecutor "broadened" the indictment seems to rely on the fact that the prosecutor referred to the elements of "a theft offense," which is part of the indictment. See, e.g. doc. 1, brief in support, at 5-7. As quoted above, "attempting or committing a theft offense" is an element of aggravated robbery, and thus was properly discussed during trial, both by the prosecution and by the court in its jury instructions (see generally doc. 10, Tr., at 361-374, jury instructions).

On appeal, Foy had argued that "Count One of the indictment does not charge an offense," therefore the trial court lacked subject-matter jurisdiction, and his conviction was void. (Doc. 10, RX 17.) The court of appeals rejected his attack on the indictment:

>Appellant's First pro se Assignment of Error challenges the indictment relative to the aggravated robbery charge. He essentially argues that the indictment was defective for not including all the elements of the charged offense, or the State's theory of the case. Because of this

8

> defect, appellant claims that the trial court lacked jurisdiction to try this case. We disagree.
>
> In State v. Murphy (1992), 65 Ohio St.3d 554, 583, 605 N.E.2d 884, the Ohio Supreme Court held that an indictment for aggravated robbery is sufficient if it tracks the language of R.C. 2911.01(A)(1). In Murphy, the Ohio Supreme Court also noted that the appellant was able to obtain further details through a bill of particulars. A Bill of Particulars which supplied much of the information he now claims he lacked was filed in the case at bar on July 19, 2006. Further the indictment in the case at bar tracks the statutory language.
>
> Appellant's first pro se assignment of error is overruled.

(Doc. 10, RX 19, at 16; Foy, 2007 WL 4303503, at *8-*9.)

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The decision would be "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price, 538 U.S. at 640.

The U.S. Supreme Court has stated that, generally, "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." Knewel v. Egan, 268 U.S. 442, 446 (1925). The sole Constitutional issue is whether the indictment provides the defendant with sufficient information of the charged offense, to enable him to defend himself against the accusations. Roe v. Baker, 316 F.3d 557, 570 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003); Blake v. Morford, 563 F.2d 248, 250 (6th Cir. 1977), cert. denied, 434 U.S. 1038 (1978). See also Cole v. Arkansas, 333

9

U.S. 196, 201 (1948); Hartman v. Lee, 283 F.3d 190, 195 n.5 (4th Cir. 2002), cert. denied, 537 U.S. 1114 (2003).

"Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding." Roe, 316 F.3d at 570 (quoting Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986)). Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis, 497 U.S. at 780. There is no constitutional requirement of a grand jury indictment in a state criminal proceeding. Branzburg v. Hayes, 408 U.S. 665, 688 n.25 (1972); Hurtado v. California, 110 U.S. 516 (1884).

The court finds that the indictment properly notified Foy of the charges against him. See doc. 10, RX 1 (indictment); see generally State v. Murphy, 65 Ohio St.3d 554, 583, 605 N.E.2d 884, 907 (1992) (per curiam), cert. denied, 510 U.S. 834 (1993). The court does not find that the state court decisions regarding the indictment were contrary to clearly established federal law, and thus the petition should not be granted on the basis of the first two grounds.

Foy has failed to demonstrate that the state court rulings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

IV. EXHAUSTION

The respondent contends that the third ground should be denied because the claim was never presented to the state courts. (Doc. 10, at 10-11.) The third ground is: "Petitioner Foy seeks to vacate his conviction on basis of an intervening change of law." (Doc. 1, § 12.C.) Foy states the following facts in support: "On April 9, 2008, the Ohio Supreme Court announced when an indictment omits the mens rea element of the offense it fails to charge the defendant with the crime. Petitioner Foy case was pending in the Ohio Supreme Court when the new rule was announced." Id.

The court notes that the third ground is based on the Supreme Court of Ohio's decision in State v. Colon, which held that: "When an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." State v. Colon, 118 Ohio St.3d 26, 885 N.E.2d 917, 919 (2008) (syllabus) ("Colon I"). As Foy states, the Colon case was decided on April 9, 2008, eight months before Foy's habeas petition was filed on Dec. 16, 2008. (Doc. 1.)

On July 31, 2008, the state high court clarified and distinguished its ruling in Colon I. The Colon I decision "held that the indictment against defendant was defective because it failed to charge an essential element of the offense, the mens rea of the charged offense. We further held that the defendant did not waive the defect in the indictment by failing to raise that issue at trial." State v. Colon, 119

11

Ohio St.3d 204, 204, 893 N.E.2d 169, 170 (2008) ("Colon II").  The court clarified that: "In a defective-indictment case that does not result in multiple errors that are inextricably linked to the flawed indictment such as those that occurred in Colon I, structural-error analysis would not be appropriate."  Id. at 205, 893 N.E.2d at 171.  Therefore, the court emphasized that "the syllabus in Colon I is confined to the facts in that case."  Id. at 205-206, 893 N.E.2d at 171.

 As to respondent's argument on exhaustion, Foy contends that the substance of the third ground was presented to the Ohio Supreme Court in his memorandum in support of jurisdiction.  (Doc. 11, at 1-2.)  In that filing, Foy argued that his indictment did not "contain the elements of the offense intended to be charged," nor did it sufficiently apprise him of what he had to be prepared to meet at trial.  (Doc. 10, RX 21.)  However, his discussion did not raise the lack of a mens rea element in the indictment.  Id.  Rather, his main focus was on the alleged impropriety of any mention of the "theft offense," which is an integral part of the Aggravated Robbery statute.  See generally Ohio Rev. Code § 2911.01(A)(1).

 It appears, then, Foy attempts to argue that the third ground is intended merely to provide further case authority in support of the first ground, that the indictment was legally insufficient, in this instance for failing to include the mens rea element.  (Doc. 1, brief in support, at 30.)  A reading of Foy's arguments to the state courts does not reveal any reference to insufficiency on the basis of mens rea.

 A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);

Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). Although Foy raised the alleged insufficiency of his indictment in the state courts, he did not raise the issue of mens rea.

However, this court can address Foy's unexhausted claim if it determines that a return to state court would be futile. Lott v. Coyle, 261 F.3d 594, 608 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002) (citing cases); Dailey v. Jeffries, No. 1:07CV13, 2008 WL 2079410, at *6 (N.D. Ohio May 15, 2008); Maag v. Konteh, No. 3:06CV2629, 2008 WL 1732951, at *7 (N.D. Ohio Apr. 10, 2008); Davie v. Mitchell, 324 F.Supp.2d 862, 869-870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

Because, for the reasons set forth in the previous section, the court concludes that Foy's federal claim concerning an insufficient indictment lacks merit, any resort to the state courts would amount to a mere futility. See, e.g., Lott, 261 F.3d at 608. The court has found that the indictment properly notified Foy of the charges against him. See generally Roe, 316 F.3d at 570; Mira, 806 F.2d at 639 (where notice sufficient, other deficiencies in indictment are solely matters of state law); see also Williams v. Haviland, 467 F.3d 527, 535-536 (6th Cir. 2006)

13

(indictment's reliance on references to principal statutes to identify mens rea elements does not render indictment constitutionally insufficient).

In addition, federal habeas relief is not available for a claimed violation of state law. See Lewis, 497 U.S. at 780. Foy's Colon argument, for example, is based on a state law decision of the Supreme Court of Ohio. Colon, 118 Ohio St.3d at 29, 885 N.E.2d at 921 (citing Ohio Constitution and Ohio Rules of Criminal Procedure). The third ground of the petition cannot serve as a basis for relief.

## V. SUMMARY

Foy has failed to demonstrate that the state court rulings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. The petition for a writ of habeas corpus should be denied.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.

Dated:  Mar. 19, 2010                            /s/ Kenneth S. McHargh
                                                Kenneth S. McHargh
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).