UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| RAYMOND FOY, | ) | CASE NO. 5:08CV2927 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| BENNIE KELLY, Warden | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Raymond Foy's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.  Petitioner was indicted by the Stark County, Ohio Grand Jury on one count of Aggravated Robbery(R.C.2911.01(A)(1)) with a Firearm Specification, one count of Having a Weapon While Under Disability (R.C. 2923.13(A)(2)), and one count of Carrying a Concealed Weapon (R.C. 2923.12(A)(2)).

 The case proceeded to trial and on August 8, 2006, Petitioner was found guilty as charged. Petitioner was sentenced to eight years for Aggravated Robbery to be served consecutive to, and subsequent to, a mandatory term of three years for the Firearm Specification; three years for Having a Weapon While Under Disability,  to be served consecutively with the sentences for Aggravated Robbery; and  fourteen months  for Carrying a Concealed Weapon, to be served concurrently, for an aggregate term of fourteen years imprisonment.

Petitioner did not file a timely direct appeal.  On Sept. 13, 2006, Petitioner filed a Motion for Leave to Appeal, which was granted. The Court of Appeals affirmed the conviction of the trial court and  Petitioner filed a timely appeal to the Supreme Court of Ohio. On May 7, 2008, the Supreme Court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  While his direct appeal was pending, Petitioner filed a Motion to Vacate his Sentence under Civil Rule 60(b)(6), with the Court of Appeals, which denied the motion on jurisdictional grounds.  Petitioner filed the instant Petition on December 16, 2008, asserting the following grounds for relief:

> 1. Count one indictment labeled aggravated robbert [sic] does not
> contains the elements to charged an offense durnng [sic] trial the
> prosecutor broaden the bases for conviction not contained in the indict
> the broaden indictment does not protec [sic] double jeopardy.
> 2. [BLANK]
> 3. Petitioner Foy seeks to vacate his conviction on basis of an
> intervening change of law.

2

On February 2, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on March 19, 2010 and Petitioner filed his Objections to the Report and Recommendation on March 31, 2010.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in

3

whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Petitioner's first ground for relief, he contends that Count One of the indictment, Aggravated Robbery, does not properly contain the elements to be charged, and that the prosecutor broadened the indictment at trial. Similarly, the second ground (ground three since two was left "blank") appears to be that the Ohio courts did not properly rule on his first ground. The Magistrate Judge correctly points out that the Court of Appeals rejected this argument in applying *State v. Murphy* (1992), 65 Ohio St.3d 554, 583, 605 N.E.2d 884, in which the Ohio Supreme Court held that an indictment for aggravated robbery is sufficient if it tracks the language of Ohio Revised Code §2911.01(A)(1).

The U.S. Supreme Court has stated that generally, "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." *Knewel v. Egan*, 268 U.S. 442, 446 (1925). The sole Constitutional issue is whether the indictment provides the defendant with sufficient information of the charged offense, to enable him to defend himself against the accusations. *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003;) *Blake v. Morford*, 563 F.2d 248, 250 (6th Cir. 1977), cert. denied, 434 U.S. 1038 (1978.) See also *Cole v. Arkansas*, 333U.S. 196, 201 (1948); *Hartman v. Lee*, 283 F.3d 190, 195 n.5 (4th Cir. 2002), cert. denied, 537 U.S. 1114 (2003.) As pointed out, an Aggravated Robbery charge includes the elements of attempting or committing a theft offense, as specified in Ohio Revised Code 2913.01. The Court agrees with the Magistrate Judge that the indictment properly notified Petitioner of the charges. Therefore, ground one is without merit.

In ground three, Petitioner contends that when an indictment omits the mens rea element of the offense it fails to charge the defendant with the crime. Respondent asserts ground three should be denied because that claim was never presented to the state courts. The Magistrate Judge concluded that Petitioner is merely attempting to provide further case authority in support of the first ground, that the indictment was legally insufficient by now asserting in this instance the government's failure to include the mens rea element. In his well-reasoned Report and Recommendation, the Magistrate Judge points out that a reading of Petitioner's arguments in the state courts does not reveal any reference to insufficiency on the basis of mens rea.

Although Petitioner raised the alleged insufficiency of his indictment in the state courts, he did not raise the issue of mens rea. Therefore, the Magistrate Judge correctly concluded that this Court can address Petitioner's unexhausted claim if it determines that a return to state court would be futile. The Court finds Petitioner's claim lacks merit and any resort to the state courts would be futile. Further, as stated previously, the Court finds that the indictment properly notified Petitioner of the charges against him.

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." "A party may not

5

file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

In the instant matter, Petitioner merely repeats his grounds for relief in his Objections to the Magistrate's Report and Recommendation. "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers, supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)). Petitioner does not provide the Court with any specific areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard,* 932 F.2d at 509.

Petitioner's submission simply recites his objection; the equivalent of an utter failure to object. The Court finds that Petitioner has failed to demonstrate that the state court rulings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation. Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:4/6/2010

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge